**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| AWNTWANAY SWEPSON,<br><br>Plaintiff,<br><br>v.<br><br>I. INGRAM,<br><br>Defendant. | Case No. 26-4101-AJP-BGS |

**MEMORANDUM AND ORDER PROVISIONALLY GRANTING MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

This matter comes before the Court on Plaintiff Awntwanay Swepson's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). For the reasons explained below, the application is provisionally granted pending completion of the Court's screening under 28 U.S.C. § 1915(e)(2).

Under 28 U.S.C. § 1915(a)(1), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on an in forma pauperis ("IFP") motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP in a civil case is a privilege, not a right. *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status lies within the district court's discretion. *Lister*, 408 F.3d at 1312.

Plaintiff submitted the application on the Administrative Office of the United States Courts' national short form, AO 240, rather than this District's Affidavit of Financial Status. *See* Doc. 2. The national form asks generally about assets, monthly expenses, and debts, while the local affidavit includes separate fields for other financial assets and obligations such as vehicle value, monthly loan

payments, and itemized household expenses. The Court accepts the national form for purposes of this provisional determination, subject to further clarification as discussed below.

Plaintiff's application reports no wage income, $4,408.53 per month in compensation from the Department of Veterans Affairs, and a negative cash and bank account balance of $94.10. Plaintiff identifies no dependents and lists a vehicle worth approximately $21,000 with approximately $30,000 owed. Doc. 2 at 1–2. The application reports approximately $2,082 in monthly living expenses, along with several outstanding debts. The application lists outstanding debt balances without identifying the monthly payments on those debts, leaving Plaintiff's recurring monthly obligations unclear. *Id.* at 2. Although the application identifies monthly income, it does not provide a complete expense picture from which the Court can reliably assess Plaintiff's ability to pay.

Plaintiff's financial affidavit in a separate action, *Swepson v. Echevarria*, raises additional questions. That affidavit, which was filed six days earlier, lists a vehicle valued at $25,000 with $25,000 owed, a $626 monthly vehicle payment, and monthly gas and car-insurance expenses of $150 and $222. *See* Doc. 3-1, *Swepson v. Echevarria*, No. 26-1292-HLT-BGS. The present application provides different vehicle values and loan balances and does not identify other recurring payments and expenses. This will eventually require clarification, including whether they concern the same vehicle and which expenses remain current. The *Echevarria* affidavit also contains a $14,000 windfall on the line for money received from "other sources" during the preceding 12 months. The present application contains no such disclosure. Doc. 2 at 1. The Court cannot determine the status of the $14,000 windfall and whether any funds remain available.

The Court is addressing the sufficiency of the complaint in a separate Order to Show Cause. Given that ongoing screening, the Court will defer requiring additional financial information and provisionally grant leave to proceed without prepayment of fees. If the action survives screening,

the Court will require an updated financial affidavit identifying Plaintiff's current income, assets, and actual monthly expenses, reconciling the vehicle disclosures, and explaining the $14,000 financial disclosure. Any accounting of funds received must identify their source, when they were received, how they were used, and whether any portion remains as cash or other assets. The Court will reconsider financial eligibility at that time. Plaintiff need not submit this supplemental information unless directed by further order but must comply with the separate Order to Show Cause.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **provisionally GRANTED**. If this action survives screening, the Court will direct Plaintiff by further order to supplement the financial information and will reconsider whether Plaintiff qualifies to proceed without prepayment of fees.

**IT IS FURTHER ORDERED** that the Clerk shall not issue summons or otherwise effect service of process unless directed by further order of the Court.

**IT IS SO ORDERED.**

Dated October 8, 2026, at Wichita, Kansas.

/s/ Brooks Severson
Brooks G. Severson
United States Magistrate Judge